# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:20-cr-102 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| STEPHON MICHAEL JONES (1),<br>KALANI RAMIR GRIER (2), | : | |
| | : | |
| Defendants. | | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreements, the Court HEREBY FINDS THAT:

On March 3, 2022, the United States Attorney for the Southern District of Ohio charged defendant Kalani Ramir Grier (hereinafter "Grier") in a one-count Information with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On March 9, 2022, the United States Attorney for the Southern District of Ohio charged defendant Stephon Michael Jones (hereinafter "Jones") in a one-count Information with tampering with evidence, to wit: a firearm, in violation of 18 U.S.C. § 1512(c)(1).

On April 1, 2022, Grier entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Information filed against him and agreed to the immediate forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), of any firearms and ammunition involved in the offense, including but not limited to the following property (the "subject property"):

- a Mossberg, Model Blaze 47, .22 caliber semiautomatic rifle, Serial No. RA0018206, loaded with ten (10) rounds of ammunition; and

- a Glock, Model 42, .380 caliber, semiautomatic handgun, Serial No. ABEA477.

Grier entered a plea of guilty to Count 1 of the Information filed against him on April 1, 2022.

On April 19, 2022, Jones entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count 1 of the Information filed against him and agreed to the immediate forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), of any firearms and ammunition involved in the offense, including but not limited to the subject property. Jones entered a plea of guilty to Count 1 of the Information filed against him on April 19, 2022.

On September 16, 2022, the Court held Grier's sentencing hearing and announced the forfeiture of the subject property. The Judgment establishes that Grier shall forfeit the subject property to the United States.

On September 28, 2022, the Court held Jones's sentencing hearing and announced the forfeiture of the subject property. The Judgment establishes that Jones shall forfeit the subject property to the United States.

The subject property is forfeitable, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved in the offense charged in Count 1 of each Information. The defendants had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the offense to which each defendant has pled guilty.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct

any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's

disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with their Plea Agreements and Judgments, this Preliminary Order of Forfeiture is final as to the defendants.  This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 26, 2022.

s/Thomas M. Rose

---

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE